IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GWENDOLYN MORGAN,

Plaintiff,

v.

PACIFIC SPECIALTY INSURANCE COMPANY,

Defendant.

CIVIL ACTION FILE

NO. 1:07-CV-502-BBM

**O R D E R**

This matter is before the court on Defendant Pacific Specialty Insurance Company's ("PSIC") Motion for Summary Judgment [Doc. No. 57], Motion to Strike Attachment A to Plaintiff's Deposition Errata Sheet [Doc. No. 56], Motion to Exclude Affidavit Testimony of Ted Young [Doc. No. 85], and Motion to Strike Response in Opposition to Motion for Summary Judgment [Doc. No. 89], and Plaintiff Gwendolyn Morgan's ("Ms. Morgan") Motion for Leave to File a Supplemental Reply Brief [Doc. No. 93] and Motion for Leave to File Motion for Partial Summary Judgment [Doc. No. 97].

## I. Factual and Procedural Background

Ms. Morgan owned a home at 157 Ruzelle Drive, Atlanta, Georgia. The residence was insured by PSIC. Victor Winfrey ("Mr. Winfrey") was Ms. Morgan's insurance agent. During the application process, Mr. Winfrey asked Ms. Morgan a

series of 29 underwriting questions relating to the risk PSIC would be taking in insuring her house. Question 17 read, "Does the dwelling have copper wiring and circuit breakers?" (Pl.'s Ex. 1 to Morgan Dep.) According to Ms. Morgan, she told Mr. Winfrey that she did not know the answer, and Mr. Winfrey indicated that he would "take care of it." (Dep. of Gwendolyn Theresa Johnson Morgan 56:2-3, Aug. 30, 2007.) Later, the insurance application was printed up and Ms. Morgan signed it. The application had "yes" as the response to question 17, asking whether her house had copper wiring and circuit breakers. In fact, the house had fuses.

On October 7, 2006, Ms. Morgan's house burned down due to an unattended candle. Ms. Morgan informed PSIC of the fire and PSIC initially sent her checks to cover her living expenses. However, PSIC conducted an investigation of Ms. Morgan's residence on October 10, 2006, and discovered that the house had fuses rather than circuit breakers. PSIC rescinded Ms. Morgan's policy on December 6, 2006, on the ground that her insurance application contained a material misrepresentation.

Ms. Morgan filed suit in Fulton County Superior Court on January 29, 2007, and PSIC removed the case to this court on February 28, 2007. Discovery was conducted and concluded on November 19, 2007. PSIC has now moved for summary judgment, and has several other motions outstanding. Ms. Morgan has

moved for permission to file a supplemental reply brief and a motion for partial summary judgment.

## II. Analysis

### A. Ms. Morgan's Motions for Leave to File

Ms. Morgan has requested leave to file a supplemental reply brief [Doc. No. 93] and a motion for partial summary judgment [Doc. No. 97]. Both of her Motions are due to be denied.

The Motion for Leave to File a Supplemental Reply Brief is nothing more than a recitation of various documents filed by PSIC on December 26, 2007, and a request to allow Ms. Morgan to respond to them. The court notes that Ms. Morgan has filed, by the court's conservative estimate, nine different documents purporting to respond to PSIC's Motion for Summary Judgment. The court considers those documents collectively to be Ms. Morgan's response to the Motion for Summary Judgment. PSIC has submitted a Reply Brief. Briefs following the movant's reply brief, or surreplies, are ordinarily only accepted by the court in unusual circumstances, such as where the movant has raised new arguments or facts in its reply, or where a party seeks to inform the court of a new decision or rule. Stephens v. Trust for Public Land, 475 F. Supp. 2d 1299, 1303 (N.D. Ga. 2007) (Story, J.). Ms.

Morgan has not presented any unusual circumstance in this case that would justify her filing a surreply.

To the extent that Ms. Morgan's Motion seeks permission to file ordinary response or reply briefs outside the normal time limit, such permission is denied. The Local Rules of this court clearly state that any responsive material to a non-summary judgment motion, or any reply brief by the movant to a responsive pleading, must be filed no later than 10 days after service of the motion or responsive pleading. LR 7.1B-C, N.D. Ga. The motions and responsive pleadings that Ms. Morgan refers to were filed on December 26, 2007, so any response or reply by Ms. Morgan was due not later than January 11, 2008. Ms. Morgan has not presented this court with any reason or good cause to extend that deadline. Accordingly, Ms. Morgan's Motion for Leave to File a Supplemental Reply Brief is denied.

Ms. Morgan has also asked for permission to file a Motion for Partial Summary Judgment. This court set the deadline for filing dispositive motions as November 19, 2007 [Doc. No. 51]. Pursuant to Federal Rule of Civil Procedure 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"

Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note). Counsel for Ms. Morgan has submitted an affidavit claiming numerous health problems, an inferior legal library, and a self-professed inability to operate a computer. The court does not view those excuses as good cause for Ms. Morgan's delay in filing for summary judgment. Therefore, Ms. Morgan's Motion for Leave to File Motion for Partial Summary Judgment is also denied.

**B. PSIC's Motion for Summary Judgment**

Summary judgment is proper if "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, the non-movant must do more than "simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient . . . ." Anderson, 477 U.S. at 252. The non-movant may not avoid summary judgment with evidence that is "merely colorable or is not significantly probative." Raney v. Vinson Guard Serv., Inc., 120 F.3d 1192, 1196

(11th Cir. 1997). Indeed, the non-movant must go beyond the pleadings and set forth specific facts to show that a genuine issue for trial does exist. Anderson, 477 U.S. at 257.

Ms. Morgan's insurance policy stated that the policy would be void if it contained a "false swearing" made by the insured. (Def.'s Ex. 1 to Morgan Dep.) Ms. Morgan's application for insurance did have a factual misrepresentation: that her house had copper wiring and circuit breakers instead of fuses. Once PSIC discovered that the dwelling in fact had fuses, it rescinded the policy on the basis of the material misrepresentation. This action is in keeping with Georgia law,[1] which provides that misrepresentations or incorrect statements on insurance applications do not prevent recovery unless they are fraudulent, material either to the acceptance of risk or the hazard assumed by the insurer, or the insurer in good faith would not have issued the policy had it known the true facts. O.C.G.A. § 33-24-7(b).

In order to void an insurance policy for misrepresentation in an application, the insurer must demonstrate that the representation was false and that it changed the nature, extent, or character of the risk. Sentry Indem. Co. v. Brady, 153 Ga. App. 168, 170, 264 S.E.2d 702, 703 (1980). The representation involved here, that Ms.

---

[1] Both parties have assumed that Georgia law governs this diversity dispute.

Morgan's house had copper wiring and circuit breakers, was false.[2] Ms. Morgan herself admitted that her house had fuses. (Aff. of Jeff Owens, Ex. A.) It is irrelevant whether, at the time Ms. Morgan signed the insurance application, she "acted in good faith or even had knowledge of the falsity when misrepresenting material facts in procuring insurance coverage." Nappier v. Allstate Ins. Co., 961 F.2d 168, 170 (11th Cir. 1992). Her application contained a false representation, regardless of whether she knew about it at the time.[3]

Ms. Morgan presses the argument that PSIC is estopped from relying on her misrepresentation as a defense, because Mr. Winfrey knew that the house contained fuses instead of copper wiring and circuit breakers. See Chester v. State Farm Mut. Auto. Ins. Co., 121 Ga. App. 599, 600, 174 S.E.2d 582, 584 (1970) ("Actual knowledge of the agent of a misrepresentation in the application . . . is imputed to the insurer and estops it from contending that had it known the true facts it would not have issued the policy."); Reserve Life Ins. Co. v. Bearden, 96 Ga. App. 549, 550-51, 101

---

[2] The court notes that the fact that the fire loss to Ms. Morgan's home was caused by a candle and not the fuses is irrelevant. Celtic Life Ins. Co. v. Monroe, 220 Ga. App. 38, 39, 467 S.E.2d 360, 362 (1996).

[3] There is no allegation or evidence in the record that Ms. Morgan communicated to Mr. Winfrey that the house did have fuses and he falsified the application, or that she was somehow prevented from reading the application before she signed it. See Bourne v. Balboa Ins. Co., 144 Ga. App. 55, 56, 240 S.E.2d 261, 262-63 (1977).

S.E.2d 120, 122 (1958). There is no evidence to support this claim in the record. Rather, Ms. Morgan testified that she told Mr. Winfrey that she did not know whether the house had fuses or not. (Morgan Dep. 56-58.) According to Ms. Morgan, Mr. Winfrey told her he "will take care of it." (Id. at 56:2-3.) However, there is no dispute that "yes" was recorded as the response to question 17: "Does the dwelling have copper wiring and circuit breakers?" (Pl.'s Ex. 1 to Morgan Dep.) Ms. Morgan signed the insurance application. There was nothing preventing her from reading it. (Morgan Dep. 59-60.) "One who signs a written document without reading it, unless prevented from doing so by some fraud or artifice is chargeable with knowledge of its contents." Bourne v. Balboa Ins. Co., 144 Ga. App. 55, 56, 240 S.E.2d 261, 263 (1977); see also Mut. Benefit Health & Accident Ass'n v. Marsh, 60 Ga. App. 431, 4 S.E. 2d 84, 89 (1939).

The misrepresentation was also material, in that it "would influence a prudent insurer in determining whether or not to accept the risk." Sentry Indem., 153 Ga. App. at 170, 264 S.E.2d at 703-04. PSIC deems fuses to be an unacceptable risk because they are "not as reliable and have a tendency to cause more fires than circuit breakers." (Dep. of Jeff Owens 16:8-10, Aug. 13, 2007.) PSIC's standing policy is not to insure homes that have fuses, and to rescind policies if it discovers an insured dwelling has fuses. Mr. Owens is the senior legal counsel for PSIC and testified on

behalf of PSIC. He was competent to testify that PSIC, as a prudent insurer, would not have insured Ms. Morgan's house had it known of the fuses. See Sanders v. S. Farm Bureau Life Ins. Co., 174 Ga. App. 888, 889, 332 S.E.2d 33, 34 (1985).

Ms. Morgan has produced no evidence to the contrary aside from an affidavit sworn by Theobel Young ("Mr. Young"), an individual claiming many years of experience in dealing with fuses, circuit breakers, and other such electrical equipment. Mr. Young's opinion is that the use of fuses in Ms. Morgan's house did not enhance the risk of fire to PSIC. Mr. Young states that he is "aware" that an insurer's decision to decline coverage depends on multiple factors, and that such decisions can be flexible. (Aff. of Theobel Young ¶¶ 3, 5.) He concludes that "the risk to PSIC was not substantially enhanced by the use of fuses" in Ms. Morgan's home. (Id. ¶ 6.) Mr. Young's opinions are those of an electrical contractor who admits that he has no experience in the field of insurance underwriting. Mr. Young has no firsthand knowledge of PSIC's underwriting policies or the sequence of events that led to PSIC's granting and then rescinding Ms. Morgan's policy.

If Ms. Morgan seeks to proffer Mr. Young as an expert, he is clearly not qualified. In the Eleventh Circuit, an expert may testify if:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of

> inquiry mandated in Daubert[v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)]; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1340-41 (11th Cir. 2003) (citations and internal quotations omitted). If Mr. Young is qualified as an expert in any field, it would be that of electrical work, not insurance underwriting. His methodology, if it can be called that, appears to be having read some unspecified books and articles about insurance companies. His affidavit does not assist the court in understanding the evidence or determining a fact in any way. His opinions do not create a genuine issue of material fact as to whether PSIC would have insured Ms. Morgan's residence if it had known the home contained fuses instead of circuit breakers.

In conclusion, the written insurance application was chargeable to Ms. Morgan and contained a false statement, that the house had copper wiring and circuit breakers, that was material to whether the policy would be issued. See Bourne, 144 Ga. App. at 56, 240 S.E.2d at 263. If PSIC had known that the house was equipped with fuses, it would not have issued the policy. Summary judgment in favor of PSIC is therefore appropriate and will be granted.

## III. Conclusion

For the foregoing reasons, Defendant PSIC's Motion for Summary Judgment [Doc. No. 57] is GRANTED. Defendant PSIC's Motion to Strike Attachment A to Plaintiff's Deposition Errata Sheet [Doc. No. 56], Motion to Exclude Affidavit Testimony of Ted Young [Doc. No. 85], and Motion to Strike Response in Opposition to Motion for Summary Judgment [Doc. No. 89] are DENIED AS MOOT. Plaintiff Gwendolyn Morgan's Motion for Leave to File a Supplemental Reply Brief [Doc. No. 93] and Motion for Leave to File Motion for Partial Summary Judgment [Doc. No. 97] are DENIED. This case is hereby DISMISSED.

IT IS SO ORDERED, this 8th day of February, 2008.

s/Beverly B. Martin
BEVERLY B. MARTIN
UNITED STATES DISTRICT JUDGE